UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| TROY MATTHIEWS | CIVIL ACTION |
| VERSUS | NO. 15-5985 |
| CROSBY TUGS, LLC | SECTION "R" (5) |

### ORDER AND REASONS

Plaintiff Troy Matthiews objects to several exhibits offered by defendant Crosby Tugs, LLC. The Court resolves the objections as follows.

### I.  DISCUSSION

####  A.  Exhibit No. 21 – Logbooks from the M/V MORGAN RAY.

Matthiews objects to this exhibit on grounds of relevance. As explained in Federal Rule of Evidence 401, evidence is relevant if (1) "it has any tendency to make a fact more or less probable than it would be without the evidence" and (2) "the fact is of consequence in determining the action." Fed. R. Evid. 401. This Court "is afforded broad discretion in determining relevancy." *United States v. Spivey*, 506 F. App'x 332, 333 (5th Cir. 2013) (internal quotation omitted). Evidence need not be highly probative to be relevant. *See United States v. Marshall*, 487 F. App'x 895, 900 (5th Cir.

2012) (upholding finding of relevance where evidence was "not particularly probative" and had only a "slight" tendency to demonstrate a fact of consequence); *see also Pub. Employees Ret. Sys. of Mississippi, et al. v. Amedisys, Inc.*, 769 F.3d 313, 321 (5th Cir. 2014) ("[T]he standard of relevance in an evidentiary context is not a steep or difficult one to satisfy."). Finally, in bench trials, such as this one, "a relevancy inquiry under Fed. R. Evid. 401 is less significant . . . because there is no danger that a judge, unlike a jury, will be misled by irrelevant or prejudicial evidence." *Williams v. City Police Abbeville*, 19 F.3d 14 (5th Cir. 1994).

Crosby contends that the logbook is relevant to showing the speeds at which the MORGAN RAY transited the Harvey Canal in the days surrounding this incident. Although such evidence is not conclusive, evidence concerning the customary practice of others in analogous circumstances is generally relevant to determining negligence. *See* Restatement (Second) of Torts § 295A (2016) ("In determining whether conduct is negligent, the customs of the community, or of others under like circumstances, are factors to be taken into account, but are not controlling where a reasonable man would not follow them."). Here, the logbook, combined with other vessel speed data and expert testimony, supports Crosby's assertion that the CROSBY RAMBLER passed the Daigle dock on

2

November 30, 2014 at a reasonable speed. Matthiews' objection is therefore OVERRULED.

### B. Exhibit No. 22 –Aucoin Claims Service, Inc. Documents

Matthiews objects to this exhibit under Rules 401, 801, and 901. Crosby argues that the exhibit is relevant because the absence of any written description of the incident in Aucoin's file suggests that Matthiews did not, as claimed in his deposition, provide a written description of his accident to Daigle's claims adjuster. This fact, according to Crosby, calls Matthiews' general penchant for veracity into question. Federal Rule of Evidence 608(b) governs the admissibility of extrinsic evidence of specific conduct used to attack a witness's character for truthfulness. *See* Fed. R. Evid. 608(b). "Under 608(b), courts have found that proof that a witness has lied under oath previously is probative of the weight to be accorded the witness' testimony." *Golden Rule Ins. v. Strauss*, 888 F. Supp. 59, 62 (E.D. La. 1995) (citing *United States v. Terry*, 702 F.2d 299, 316 (2nd Cir. 1983)). Furthermore, if Matthiews stick to his story at trial, evidence that Matthiews did not, in fact, provide such a description is relevant as impeachment by contradiction. *See* 3 Federal Evidence § 6:85 (4th ed. 2016) ("Impeaching a witness by contradiction means showing that something he said is not so."). The exhibit is not hearsay because the documents are not offered for the

3

truth of any assertion contained in the documents. *See United States v. Polidore*, 690 F.3d 705, 719 (5th Cir. 2012) (citing Fed. R. Evid. 801) (internal quotations and modifications omitted) ("Testimony not used to establish the truth of the assertion does not fall under the proscriptions against the use of hearsay."). Finally, Crosby plausibly asserts that these records will be properly authenticated at trial. Accordingly, this objection is OVERRULED, pending proper authentication at trial.

### C. Exhibits No. 23, 25, 26, 27, and 28 – Portvision AIS Documents.

Matthiews objects to several documents containing Automatic Information System ("AIS") data regarding the speed of vessels--including the MORGAN RAY, the CROSBY RAMBLER, and non-party vessels—transiting the Harvey Canal in the days surrounding Matthiews' injury. Matthiews' relevance objection is rejected for the same reasons offered in response to Matthiews' objection to Exhibit 21. Crosby represents, and Matthiews does not contest, that Captain Fazioli will properly authenticate these documents at trial.

Matthiews also argues that some of these exhibits contain hearsay. However, given proper evidentiary foundation, the documents appear likely to fall under the business records exception to the hearsay rule. *See* Fed. R. Evid. 803(6); *United States v. Brooks*, 715 F.3d 1069, 1079 (8th Cir. 2013)

4

(upholding admission of GPS tracking reports under the business records exception).  Accordingly, this objection is OVERRULED, pending proper authentication and foundation at trial.

### D. Exhibits No. 24 and 29 – Photographs and USCG Inspection Reports for M/V MORGAN RAY and M/V BAROID 111, and U.S. Coast Guard Builder's Certificate and Certificate of Documentation for the M/V GINNY STONE.

Matthiews objects to these records as irrelevant, prejudicial, and unauthenticated.  Crosby answers that information concerning the MORGAN RAY and the other vessels moored at or near the Daigle dock—including photographs and technical dimensions—is relevant in evaluating the plausibility of Matthiews' account and the probable physical response of these vessels to wave wash caused by passing ships.  The Court finds that this information is relevant.  However, Exhibit 24 also memorializes past infractions by Matthiews' employer recorded by the U.S. Coast Guard.  Crosby provides no convincing explanation for the relevance of these infractions. The Court therefore finds that this portion of Exhibit 24 is irrelevant and properly excluded.

Crosby represents, and Matthiews does not contest, that Captain Fazioli will properly authenticate these documents at trial.  Accordingly, this objection is SUSTAINED as to the "Summary of Coast Guard Contacts" section of Exhibit 24. The objection is OVERRULED as to the remainder of

5

Exhibit 24 and the entirety of Exhibit 29, pending proper authentication at trial.

### E. Exhibit No. 30 – USCG Form 2692 With Instructions.

The Court has previously ruled that evidence concerning Matthiews' alleged failure to fulfil his Coast Guard-mandated disclosure requirements following his injury is relevant in determining the persuasive weight of Matthiews' account.[1] The Court therefore finds that the rules and instructions contained in Exhibit 30 are relevant and Matthiews' objection is OVERRULED.

### F. Exhibit No. 31 – Defendant's Answers and Objections to Plaintiffs' First Set of Interrogatories and Attached Documents

Matthiews objects that these documents are irrelevant, contain hearsay, and have not been authenticated. The Court finds that these documents are properly excluded as irrelevant. Crosby suggests that the records "are relevant in that they provided the Plaintiff with the AIS data showing the CROSBY RAMBLER passed his position after 4:00 p.m., and it was in his deposition several weeks later that the Plaintiff first stated the accident 'could have' occurred after 4:00 p.m."[2] Crosby, however, provides

---

[1] R. Doc. 35 at 10.
[2] R. Doc. 42 at 5.

6

no evidence that Matthiews ever denied receiving this information before his deposition. Further, Crosby offers no authority suggesting that evidence merely suggesting that a witness had access to a source of information conflicting with his prior statements is admissible on that basis alone. The Court therefore finds that Exhibit No. 31 is properly excluded as irrelevant. Matthiews' objection to the admission of Exhibit No. 31 is SUSTAINED. This ruling does not preclude Crosby from using these records as impeachment evidence should Matthiews deny at trial that he received this information prior to his deposition.

### G. Exhibit No. 32 – Transcribed Statement of Troy Matthiews.

Exhibit 32 is a transcript of Matthiews' statement regarding his injury made to a claims adjuster on December 16, 2014. Matthiews makes no specific objection to this Exhibit 32, and instead states that he anticipates that Crosby will use the document during cross examination of Matthiews and "reserves his right to make objections" at that time. Because Matthiews has made no proper objection, the Court need not rule on this exhibit.

### H. Exhibit No. 33 – Medical Records from Teche Regional Medical Center, dated January 19, 2014.

Matthiews maintains that these medical records are irrelevant to the liability portion of the trial because they pertain only to the amount of

damages. In response, Crosby contends that the records are relevant because they support Crosby's theory that Matthiews had a pre-existing shoulder injury and fabricated his alleged fall in attempt to secure payment for surgery to his shoulder. The Court finds that the records are relevant to Matthiews' motive to fabricate his alleged fall. This objection is therefore OVERRULED.

## II. CONCLUSION

As outlined above, Matthiews' objections to the admissibility of certain trial exhibits are SUSTAINED IN PART AND OVERRULED IN PART.

New Orleans, Louisiana, this __5th__ day of December, 2016.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE